[Civ. No. 1985. First Appellate District.—June 18, 1917.]

SYDNEY J. WALKER et al., Respondents, v. BERNHARDT H. BAUMEISTER et al., Appellants.

AGENCY—LOAN OF MONEY FOR BUILDING PURPOSES—SUFFICIENCY OF EVIDENCE.—In an action to recover the balance of a loan of money procured by a firm of real estate brokers from the defendants for the purpose of enabling the plaintiffs to erect a building on one of two lots which they had received in an exchange of properties negotiated by the brokers, and which balance had become uncollectible owing to the bankruptcy of the brokers, evidence that the lender, in accordance with his regular course of business with the brokers, delivered the amount of the loan to them and thereafter left to

them the disbursement of it as the building progressed, is sufficient to support a finding that the brokers were the agents of the defendants in the transaction and not the agents of the plaintiffs.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Thomas F. Graham, Judge.

The facts are stated in the opinion of the court.

R. F. Mogan, and Joseph F. Bluxome, for Appellants.

R. W. Gillogley, for Respondents.

BEASLY, J., *pro tem.*—The plaintiffs owned an improved lot on London Street, in San Francisco, which they exchanged with McArthur Brothers, a firm of building contractors; for a lot on Twentieth Street in said city. The Twentieth Street lot was unimproved, and by the terms of the contract under which the exchange was effected McArthur Brothers agreed to erect a seven-room dwelling-house thereon, and to convey it to the plaintiffs in exchange for their property free of all encumbrances except a two thousand five hundred dollar mortgage. Coffin & Company, a firm of real estate brokers, acted as the agents in effecting this exchange. Neither the McArthurs nor the plaintiffs had the money to pay for the erection of the building on the Twentieth Street lot, and Coffin & Company, through an employee of theirs named Woodfield, secured the money from the defendant Bernhardt H. Baumeister. Thereupon the plaintiffs conveyed their property to McArthur Brothers, and the latter in turn conveyed their Twentieth Street lot to the plaintiffs, and the plaintiffs executed to Baumeister and his wife, the other defendants, a promissory note for two thousand five hundred dollars and secured the same by their mortgage to Baumeister on said lot. Baumeister turned over to Coffin & Company, through Woodfield, his check for two thousand dollars. Six hundred and twenty-five dollars of this money Coffin & Company paid out as the building progressed to McArthur Brothers for erecting the same, and before the building was complete Coffin & Company became bankrupt, and the remainder of Baumeister's money in their hands was found to be uncollectible. Thereupon Baumeister paid five hundred dollars additional to McArthur Brothers.

The trial court upon the submission of this cause found that the defendants had paid to plaintiffs the sum of $1,125 and no more. This finding was necessarily predicated upon the conclusion that Coffin & Company were the agents of Baumeister to hold and disburse the two thousand dollars represented by the check, because no money except the five hundred dollars above referred to was paid to the plaintiffs or for their use by Baumeister unless we regard as so paid the two thousand dollar check delivered to Coffin & Company. The finding that no more than $1,125 was paid by the defendants to the plaintiffs is of course disputed, and the ground of the dispute is a contention on the part of the defendants that Coffin & Company were not their agents, and that the finding to the contrary is not supported by the evidence.

It is a significant fact in this connection that Dr. Baumeister, after delivering the two thousand dollar check to Woodfield, paid no further attention whatever to the deal. He left even the matter of ascertaining that the title was clear to Woodfield. The manner in which this transaction was conducted for Baumeister was in accordance with his regular course of business with Coffin & Company. He had made other loans in the same way, Coffin & Company holding the money and disbursing it as the buildings upon which the loans were made progressed and the security thus became sufficient for the respective loans.

There can be no serious question but that Coffin & Company in holding this money and disbursing it were acting for the protection of Baumeister, who seems from his own testimony to have left everything to them. The lower court cannot be reversed for concluding from this evidence that Coffin & Company were the agents of Baumeister in this matter. The fact that there is other evidence, some of which comes from the plaintiffs themselves, pointing to a contrary conclusion cannot change the matter, for here the well-settled rule applies that there being a conflict of the evidence this court will not disturb the finding.

The appellants claim that the judgment is too large by fifty dollars. This fifty dollars is claimed to have been due from McArthur Brothers to Coffin & Company as a commission for securing this loan from Baumeister and to have been credited to McArthur Brothers in Coffin & Company's books; but as the lower court found that the loan was made to the plaintiffs,

and as there is no competent evidence that this fifty dollars was paid by Coffin & Company to McArthur Brothers, this point also must be determined against the appellants.

For these reasons the judgment is affirmed.

Richards, J., and Kerrigan, J., concurred.